UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADVANCE 2000, INC.,

                Plaintiff,

v.                                        **DECISION AND ORDER**
                                            16-CV-1037S

MATTHEW HARWICK, et al.,

                Defendants.

On December 23, 2016, Defendants removed this case to federal court. (Docket No. 1.) Plaintiff, Advance 2000, Inc., then filed an amended complaint in this action on January 24, 2017. (Docket No. 10.) On February 9, 2017, Defendants filed a motion to dismiss for failure to state a claim. (Docket No. 15.) After this Court denied Defendants' motion (Docket No. 22), Plaintiff and two defendants, Matthew Hardwick and Paul Brisgone, stipulated to a dismissal with prejudice of Plaintiff's claims against Hardwick and Brisgone. (Docket No. 36.) After taking no action in this matter for a number of months and being warned of the possible dismissal of their claim for failure to prosecute, Plaintiff now informs this Court that it does not intend to continue the action against the remaining defendant, Christopher Franz. (Docket No. 38.) Plaintiff therefore requests this Court to dismiss its action against Franz pursuant to Federal Rule of Civil Procedure 41 (a)(2). (Id.)

A plaintiff may dismiss an action without a court order either by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment; or by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ.

Pr. 41 (a)(1)(A). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Pr. 41 (a)(2). Rule 41 (a)(2) dismissals are at the district court's discretion. D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996).

A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed "if the defendant will not be prejudiced thereby." D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996) (quoting Wakefield v. Northern Telecom Inc., 769 F.2d 109, 114 (2d Cir.1985)); see also Jones v. Securities & Exchange Commission, 298 U.S. 1, 19, 56 S. Ct. 654, 659, 80 L. Ed. 1015 (1936) ( "The general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint ... unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter."); Brown v. Brown, 343 F.Supp.2d 195, 199 (E.D.N.Y. 2004) ("The primary purpose of Rule 41(a)(2) is to protect the interests of the defendants.").

Prejudice to the defendant usually occurs "when 'the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action.'" Ctr. for Discovery, Inc. v. D.P., No. 16-CV-3936, 2017 WL 9674514, at *3 (E.D.N.Y. July 17, 2017), report and recommendation adopted in part, No. 16CV3936MKBRER, 2018 WL 1583971 (E.D.N.Y. Mar. 31, 2018) (citing D'Alto, 100 F.3d at 283).

Here, this Court perceives no prejudice to defendant Franz from the dismissal of Plaintiff's action against him. Franz has filed no answer, has brought no counterclaims, and seeks no affirmative relief from this Court.

Because Plaintiff indicates that it no longer intends to continue the action against Franz, and because this Court finds that Franz would suffer no prejudice by its dismissal of this action, this Court will grant Plaintiff's request to dismiss pursuant to Rule 41 (a)(2).

IT HEREBY IS ORDERED, that Plaintiff's request that this Court dismiss this action is GRANTED.

FURTHER, that the action against Christopher Franz is DISMISSED WITHOUT PREJUDICE.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: November 10, 2020
Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge